UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPH BACEWICZ, ET AL., : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 3:08-CV-1530(JCH) |
| : | |
| NGM INS. CO., ET AL. : | JUNE 30, 2009 |
| : | |
| Defendants. : | |
| : | |

**RULING ON DEFENDANTS' MOTION TO DISMISS (DOC. NO. 29)**

**I.   INTRODUCTION**

On October 21, 2008, plaintiffs Joseph and Janice Bacewicz ("Bacewiczes") filed a Complaint against defendants, NGM Insurance Company and The Main Street America Group, Inc. ("defendants"), in Connecticut state court alleging breach of contract as a result of defendants' denial of coverage for damage to the basement walls in the plaintiffs' house in Tolland, Connecticut.  Defendants removed the action from state court and invoked the jurisdiction of this court under 28 U.S.C. § 1332(a).

On April 14, 2009, the Bacewiczes filed a First Amended Complaint with two additional counts for breach of implied covenant of good faith and fair dealing, and unfair and deceptive practices in violation of the Connecticut Unfair Insurance Practice Act ("CUIPA").  Conn. Gen. Stat. § 38a-816.  The Bacewiczes allege that the defendants have engaged in dishonest conduct which was aimed at delaying the response to the Bacewiczes' insurance claim to create an "untimely filing" defense and

thus bar any action against the defendants.

On April 17, 2009, defendants filed a Motion to Dismiss Counts Two and Three of the First Amended Complaint.  The defendants argue that the Bacewiczes have failed to allege a claim for breach of the implied covenant of good faith and fair dealing.  Further, the defendants argue that there is no private cause of action under CUIPA and that the Bacewiczes have not alleged multiple violations necessary to support a CUIPA claim.

For the reasons that follow, the court GRANTS in part and DENIES in part the defendants' Motion.

## II.     STANDARD OF REVIEW

A defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  In addressing such a motion, the court must "accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiffs' favor."  Phelps v. Kapnolas, 308 F.3d 180, 184 (2d Cir.2002).  Under current law, "Rule 8(a) requires factual allegations sufficient 'to raise a right to relief above the speculative level.'"  Boykin v. KeyCorp, 521 F.3d 202, 213-14 (2d Cir.2008) (quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007)).  The "plausibility standard" in Twombly " is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly).

## III.    DISCUSSION

A.     Count Two: Breach of Implied Covenant of Good Faith and Fair Dealing

Under the implied covenant of good faith and fair dealing, "every contract carries an implied duty requiring that neither party do anything that will injure the right of the other to receive the benefits of that agreement." De La Concha of Hartford, Inc. v. Aetna Life Ins. Co., 269 Conn. 424, 432 (2004).  To constitute a breach of this implied duty, "the acts by which a defendant allegedly impedes the plaintiff's right to receive benefits that he or she reasonably expected to receive under the contract must have been taken in bad faith." Id.  Under Connecticut law, "bad faith" is defined as "both actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties."  Habetz v. Condon, 224 Conn. 231, 237 (1992).

Construing the allegations in the light most favorable to the plaintiffs, the Bacewiczes have alleged facts in their First Amended Complaint which, if true, show a neglect or refusal to fulfill on the part of the defendants their contractual duty to the Bacewiczes, not prompted by an honest mistake.  Specifically, the Bacewiczes allege that the defendants delayed their response to the plaintiffs' insurance claim in order to create "an untimely filing defense." Pls. Am. Compl. ¶ 19.  The Bacewiczes allege that they notified the defendants of their claim on March 11, 2008; however, it was not until February 3, 2009, that the defendants finally denied coverage.  Id. ¶ 11-26.  These allegations are enough to raise the plaintiffs' claim above the speculative level.  Thus, the defendants' Motion to Dismiss is denied as to Count Two.

      B.      Count Three: Unfair and Deceptive Practices in Violation of CUIPA

The Connecticut Supreme Court has not yet decided whether there is a private

cause of action under CUIPA.  See Mead v. Burns,199 Conn. 651, 657 n.5 (1986).  However, the Second Circuit has addressed the question and held that there is no private cause of action under CUIPA.  Lander v. Hartford Life & Annuity Ins. Co., 251 F.3d 101, 119 n. 7 (2d Cir.2001).  In Lander, the Second Circuit cited a series of federal and Connecticut state courts which have held that CUIPA does not support a private cause of action.  Id. at 118-19 (citing Peterson v. Provident Life & Acc. Ins. Co., No. 3:96 CV 2227, 1997 WL 527369 at *1-2 (D. Conn. July 17, 1997); Casey v. Reliance Nat'l Indem. Co., No. CV 970140513, 1998 WL 211838 at *2 (Conn. Super. Ct. April 22, 1998); Joseph v. Hannan Agency, Inc., No. 323310, 1997 WL 15424, at *1 (Conn. Super. Ct. Jan.9, 1997); Stabile v. S. Conn. Hosp. Sys., Inc., No. 326120, 1996 WL 651633, at *3 n. 6 (Conn. Super. Ct. Oct.31, 1996); Brothers v. Am. Home Assurance Co., No. 94-0364725-S, 1995 WL 519881, at *2-3 (Conn. Super. Ct. Aug.24, 1995)).  Following Lander, several district court decisions have held that there is no private cause of action under CUIPA.  See Exantus v. Metropolitan Property & Cas. Ins. Co., 582 F.Supp.2d 239, 249 (D. Conn. 2008); Klein v. Northwestern Mut. Life Ins. Co., 562 F.Supp.2d 251, 260 (D. Conn. 2008); Hipsky v. Allstate Ins. Co., 304 F.Supp.2d 284, 290 (D. Conn. 2004); Oak River Co. v. Ferreri, 2002 WL 31094978, *3 (D. Conn. Aug 29, 2002) (No. 3:01 CV 2047 (GLG)).  Under controlling law, this court concludes there is no private cause of action under CUIPA.

However, a claim can be brought under the Connecticut Unfair Trade Practice Act ("CUTPA") based on CUIPA.  CUTPA forbids the use of "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."  Conn. Gen. Stat. § 42-110b.  The Connecticut Supreme Court has

determined that the legislature has manifested an intention to make insurance practices the subject of two regulatory statutes, CUIPA and CUTPA.  Mead, 199 Conn. 651, 663 (1986).  However, under both CUIPA and CUTPA, isolated instances of unfair settlement practices are not sufficient to establish a claim.  Id. at 665.  The plaintiffs must present facts that show that the unfair insurance practice occurred with enough frequency for it to be deemed a "general business practice."  Id. at 664-665.

      The Bacewiczes have failed to state a claim under CUTPA.  In order to survive a motion to dismiss, the Bacewiczes must allege in their complaint some facts that the defendants have engaged in "unfair or deceptive acts" as a "general business practice."  Conn. Gen. Stat. § 38a-816.  The Bacewiczes have failed to allege the multiple violations necessary to support a CUIPA-based CUTPA claim.   They have only alleged improper handling of their own, single insurance claim, which is insufficient to establish a course of conduct constituting a "general business practice."  See Mead, 199 Conn. 651, 659 (1986) (holding that "claims of unfair settlement practices under CUIPA require a showing of more than a single act of insurance misconduct."); Quimby v. Kimberly Clark Corp., 28 Conn. App. 660, 672 (1992) (finding that the "plaintiff must allege that the defendant has committed the alleged wrongful acts with such frequency as to indicate a general business practice").  Multiple unfair practices in dealing with the Bacewiczes' single insurance claim are insufficient to state a claim.  See Aguilar v. United Nat. Ins. Co. 825 F. Supp. 456 (D. Conn. 1993).  As the Aguilar court noted, multiple claims of misconduct arising in the context of only one insurance claim are insufficient to show a general business practice because to "hold that such allegations rise to the level of a 'general business practice' would be to render Mead meaningless,

as an insured who is denied coverage could circumvent Mead merely by classifying a single denial in several different categories of unfair settlement practice." Id. at 458. Because the Bacewiczes have failed to allege conduct other than that relating to their own, single claim, the Motion to Dismiss Count Three is granted.

## IV.   CONCLUSION

For the reasons discussed above, the court GRANTS IN PART and DENIES IN PART defendants' Motion to Dismiss (Doc. No. 29) as follows: Count Two survives defendants' Motion and Count Three is DISMISSED.  Plaintiffs may move within 30 days for leave to amend their complaint to replead a CUTPA claim, if they have a factual and legal basis to do so.  A proposed amended complaint should be attached to any motion for leave to replead.

**SO ORDERED**.

Dated at Bridgeport, Connecticut this 30th day of June, 2009.

                         /s/ Janet C. Hall
                         Janet C. Hall
                         United States District Judge